IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| VALARIE JONES, on behalf of herself and all others similarly situated, § § § Plaintiffs, § § V. § § SUNSET NURSING HOME, INC. and § GUINDAL A. SMITH, § § Defendants. § | CIVIL ACTION NO. 3:18-cv-36 |

## COMPLAINT

Plaintiff Valarie Jones, on behalf of herself and others similarly situated, files this Complaint against Sunset Nursing Home, Inc. and Guindal A. Smith, showing the Court as follows:

## INTRODUCTION

1. Defendants provide in health care services. Plaintiff is a certified nurse's assistant. Defendants paid her, and other employees, a flat hourly rate. Plaintiff worked a significant number of hours. Despite this, Defendants did not pay Plaintiff or other employees overtime.

2. Accordingly, Plaintiff brings this suit to recover her overtime wages and seeks a collective action on behalf of other similarly situated employees.

## THE PARTIES AND JURISDICTION

**A.   Plaintiff**

3. Plaintiff Valarie Jones is a natural person residing in Brazoria County, Texas. She was employed by Defendants within the three years of the filing of this lawsuit. She has standing to file this lawsuit.

**B.   Defendants**

4.   Defendant Sunset Nursing Home, Inc. ("SNH") is a Texas corporation with its headquarters in Brazoria County, Texas. Its registered agent is Guindal A. Smith at 550 CR 830A, Freeport, TX 77541.

5.   Defendant Guindal A. Smith is the owner of SNH. She is a natural person who resides in Brazoria County, Texas. She is involved in the hiring and firing of the company's employees, day-to-day operations of SNH as they relate to defining the terms of employment, workplace conditions, and the level of compensation to be received by SNH employees; SNH's finances; and corporate decisions, including decisions on whether to pay overtime to employees.

**C.   Putative Class**

6.   The "Members of the Class" are all current and former employees of Sunset Nursing Home, Inc. who: (1) worked as CNAs, LPNs, RNs, dietary employees, housekeeping employees, or laundry employees; and (2) were employed during the three-year period prior to the date of this lawsuit. All of the "Members of the Class" are similarly situated to Plaintiff and to one another, within the meaning of section 216(b) of the FLSA.

7.   Exhibit A is Plaintiff's consent form.

**D.   Jurisdiction and Venue**

8.   The Court has personal jurisdiction over Defendants based on both general and specific jurisdiction. For several years, Defendants have done business in the State of Texas, as well as within this district.

9.   The Court has subject matter jurisdiction over this case based on federal question jurisdiction, specifically the FLSA.

10.   The Court has venue over this matter because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district, many of the unlawful

employment practices alleged in this case occurred in this district, and there are employment records relevant to Plaintiff's claims maintained and administered by Defendants in this district. 28 U.S.C. § 1391(b); 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e-5(f)(3).

## FACTUAL AND LEGAL BACKGROUND

11. Defendants provide in nursing home services.

12. Plaintiff is a certified nurse's assistant. Defendants paid her, and other employees, an hourly rate.

13. Plaintiff worked a significant number of hours, including overtime hours. So did Members of the Class.

14. Defendants did not pay Plaintiff or other employees overtime for all hours over forty (40) worked in a workweek.

15. Plaintiffs typically worked a significant amount of overtime. So did Members of the Class.

16. The FLSA generally requires that an employer employing an employee for a workweek exceeding 40 hours must provide compensation for all hours in excess of 40 at a rate of not less than one and one-half times the employee's regular rate. *See* 29 U.S.C. § 207(a)(1). There are some exemptions to this rule. Under the law, those exemptions are narrowly construed, and the burden of proof to establish them lies with the employer. *Vela v. City of Houston*, 276 F.3d 659, 666 (5th Cir. 2001).

17. Defendants are not entitled to rely on any exemption potentially applicable to Plaintiff or Members of the Class because Defendants did not pay Plaintiff or Members of the Class on a salary basis.

18. Under the FLSA's regulations, there is an exception to the salary basis for persons "who is the holder of a valid license or certificate permitting the practice of law or medicine or

any of their branches and who is actually engaged in the practice thereof." 29 C.F.R. § 541.3(e). But the types of employees identified herein have been determined to be excluded from this regulation. *Jones v. Colonial Nursing Home, Inc.*, No. 1:17-CV-00090, 2017 U.S. Dist. LEXIS 117285, at *6 (W.D. La. 2017) (certifying an almost identical class as identified herein); *see also Belt v. Emcare Inc.*, 351 F. Supp. 2d 625, 632 (E.D. Tex. 2005) (recognizing that registered and certified medical technicians, nurses, and physician assistants are not "practitioners licensed and practicing in the field of medical science and healing").

19.     The regulations cited above have been in existence for many years, and Defendants' fundamental failure to follow the FLSA demonstrates bad faith and willfulness. In fact, upon information and belief, the Department of Labor has already targeted Defendants related to a separate failure to pay overtime.

## FLSA CLAIM FOR OVERTIME PAY

20.     This action is authorized and instituted pursuant to the FLSA.  29 U.S.C. § 201, *et. seq.*

21.     All conditions precedent, if any, to this suit, have been fulfilled.

22.     At all material times, Plaintiff was an employee under the FLSA within the three years of the filing of this lawsuit. 29 U.S.C. § 203(e).

23.     At all material times, Members of the Class were and are similarly situated to Plaintiff and were employees under the FLSA within the three years of the filing of this lawsuit. 29 U.S.C. § 203(e).

24.     At all material times, Defendants are eligible and covered employers under the FLSA.  29 U.S.C. § 203(d).

25.     At all material times, Plaintiff and Members of the Class routinely worked in excess of 40 hours per seven-day workweek.

26. At all material times, Plaintiff and Members of the Class routinely worked in excess of 40 hours per seven-day workweek and Defendants knew that.

27. At all material times, Plaintiff and Members of the Class were and are entitled to overtime compensation for hours worked over 40 in a seven-day workweek. 29 U.S.C. § 207(a)(1).

28. At all material times, Defendants failed to pay Plaintiff and Members of the Class overtime compensation for hours worked over 40 in a seven-day workweek.

29. Defendants' violation of the FLSA was and remains willful within the meaning of 29 U.S.C. § 255(a). *See Singer v. City of Waco*, 324 F.3d 813, 821-22 (5th Cir. 2003) (upholding a jury finding of willfulness). As indicated above, Defendants knew or should have known of the FLSA's requirements to pay certain workers overtime, and they failed to follow the law.

30. Under the FLSA, an employer who violates the overtime provisions is liable not only for the unpaid overtime compensation, but also for "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). The purpose of liquidated damages is to "compensate an employee for delay in payment." *Reich v. Helicopter Servs., Inc.*, 8 F.3d 1018, 1031 (5th Cir. 1993) (citing *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945)). A court generally must award the full amount of actual damages as liquidated damages. *Singer*, 324 F.3d at 822–23. If the court concludes that the employer acted in good faith and had reasonable grounds for believing that the conduct did not violate the FLSA, the court may "award no liquidated damages or any amount" up to actual damages. 29 U.S.C. § 260; 29 C.F.R. § 790.22(b); *Singer*, 324 F.3d at 822–23.

31. It is the employer's burden to prove good faith and reasonableness. *Lee v. Coahoma County, Miss.*, 937 F.2d 220, 227 (5th Cir. 1991); *Johnson v. Big Lots Stores, Inc.*, 604

F. Supp. 2d 903, 925 (E.D. La. 2009). If the jury concludes that the employer has willfully violated the FLSA, the employer cannot demonstrate good faith, and the court must award liquidated damages in the full amount. *Singer*, 324 F.3d at 823 (citing *Heidtman v. County of El Paso*, 171 F.3d 1038, 1042 (5th Cir. 1999)); *Lee*, 937 F.2d at 226. But "[a] finding that defendant's actions were not willful does not preclude a finding that defendant did not act in good faith and on reasonable grounds." *Johnson*, 604 F. Supp. 2d at 926 (citing *Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259, 1274 (11th Cir. 2008) ("Because the burden of proof is placed differently, a finding that willfulness was not present may co-exist peacefully with a finding that good faith was not present.")).

32. The employer's burden to demonstrate good faith and a reasonable belief that its actions complied with the FLSA is "substantial." *Singer*, 324 F.3d at 323; *Mireles v. Frio Foods, Inc.*, 899 F.2d 1407, 1415 (5th Cir. 1990). "Good faith cannot be based on ignorance, but instead 'requires some duty to investigate potential liability under the FLSA.'" *Johnson*, 604 F. Supp. 2d at 926 (quoting *Barcellona v. Tiffany English Pub, Inc.*, 597 F.2d 464, 468–69 (5th Cir. 1979)). The employer must show that it "had an honest intention to ascertain what the Act requires and to act in accordance with it." *Id*. (citing *Dybach v. State of Fla. Dept. of Corr.*, 942 F.2d 1562, 1566 (11th Cir. 1991) (internal citations omitted)). Even if the court concludes that the employer acted reasonably and in good faith, there is a "strong presumption ... in favor of doubling." *Nero v. Industrial Molding Corp.*, 167 F.3d 921, 929 (quoting *Shea v. Galaxie Lumber & Constr. Co.*, 152 F.3d 729, 733 (7th Cir. 1998)). "Doubling of an award is the norm...." *Id*. (discussing the Family and Medical Leave Act, which uses essentially the same damages scheme as the FLSA).

33. Defendants cannot prove "good faith." *See, e.g.*, *Riddle v. Tex-Fin, Inc.*, Civil Action No. H–08–31212011, WL 1103033, at *4 (S.D. Tex. Mar. 22, 2011) (awarding liquidated damages in FLSA case even where the jury did not find the violation to be willful); *Tran v. Thai*, NO. CIV.A. H-08-3650, 2010 WL 5232944, at *6 (S.D. Tex. Dec. 16, 2010) (granting summary judgment for the plaintiff in an FLSA case on the question of "good faith," stating "though the defendants conducted internet research once to determine whether a receptionist was covered by the FLSA and were unsure as to whether they had sufficient gross revenue to be an employer under the FLSA, the defendants have identified no evidence of any specific and ongoing efforts to comply with the FLSA. The plaintiffs are entitled to summary judgment on this defense."); *Bolick v. Mgmt. by Skylane, LLC*, Civ. A. No. H-07-2261, 2008 WL 4589961 (S.D. Tex. Oct. 14, 2008) (testimony from executive that his company "has always endeavored to comply with the terms of all applicable state and federal laws, including the [FLSA]" was insufficient to withstand plaintiffs' motion for summary judgment on liquidated damages because there was "no evidence of any specific ongoing efforts by defendant to comply with the FLSA.").

34. The FLSA provides that a court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant . . . ." *See* 29 U.S.C. § 216(b). *See, e.g., Saizan v. Delta Concrete Products Co., Inc.*, 448 F.3d 795, 800 n. 25 (5th Cir. 2006) (affirming attorney's fees award in FLSA case of over $100,000.00).

35. Where, as here, "the employers' actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis." *Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820, 825 (N.D. Tex. 2007) (certifying nationwide class in FLSA misclassification case).

36.    Accordingly, Plaintiffs seek to represent a class under 29 U.S.C. § 216(b) on behalf of:

"all current and former employees of Sunset Nursing Home, Inc. who: (1) worked as CNAs, LPNs, RNs, dietary employees, housekeeping employees, or laundry employees; and (2) were employed during the three-year period prior to the date of this lawsuit."

## DAMAGES AND PRAYER

Plaintiffs ask that the Court issue a summons for Defendants to appear and answer, and that Plaintiffs and those similarly situated to Plaintiffs be awarded a judgment against Defendants for the following:

a.    Actual damages in the amount of unpaid overtime wages under the FLSA;

b.    Liquidated damages under the FLSA;

c.    Pre-judgment and post-judgment interest;

d.    Court costs;

e.    Reasonable attorneys' fees; and

f.    All other relief to which Plaintiff and those similarly situated to Plaintiff is entitled under the FLSA.

-9-

        Respectfully submitted,

        THE CRAIGHEAD LAW FIRM, PLLC

By:   /s/ Clayton D. Craighead
       Clayton D. Craighead
       State Bar No. 24065092
       S.D. Texas No. 958992
       440 Louisiana, Suite 900
       Houston, TX 77002
       (832) 798-1184 – Telephone
       (832) 553-7261 – Facsimile
       clayton.craighead@thetxlawfirm.com

       ATTORNEY-IN-CHARGE FOR PLAINTIFFS