IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| VALARIE JONES, on behalf of herself and all others similarly situated | § § § | |
| Plaintiffs, | § § | |
| V. | § § | Civil Action No. 3:18-cv-36 |
| SUNSET NURSING HOME, INC. and GUINDAL A. SMITH, | § § § § | |
| Defendants. | § § | |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND MOTION TO CONDITIONALLY DISMISS

Plaintiff Valarie Jones, on behalf of herself and all others similarly situated, (collectively "Plaintiffs") and Defendants Sunset Nursing Home, Inc. and Guindal A. Smith (collectively "Defendants"), file this Joint Motion for Approval of Settlement Agreement and Motion to Conditionally Dismiss. In support thereof, Plaintiffs and Defendants (collectively referred to as "the Parties") would respectfully show the Court as follows:

## I.
## INTRODUCTION

On February 9, 2018, Plaintiff filed a putative collective action lawsuit in the United States District Court for the Southern District of Texas alleging that Defendants are liable to her and others similarly situated for violations of the Fair Labor Standards Act. (Doc. 1.) On May 22, 2018, and June 15, 2018, respectively, Plaintiff filed her First and Second Amended Complaints. (Docs. 38 and 45.) Following multiple pre-motion conferences regarding an intended Motion to Dismiss, Defendants filed their answers to these complaints, denying the material allegations in Plaintiffs' complaints. (Doc. 50 and 51.)

This Court conditionally certified this case as a collective action pursuant to 29 U.S.C. § 216(b) on October 30, 2018, and authorized the issuance of notice to all potential members of the class. (Doc. 60.) A total of 67 individuals filed consent forms to join the collective action.

Now, because the Parties have reached an agreement that disposes of all Plaintiffs' claims for unpaid overtime wages, liquidated damages, and attorney's fees and costs, the Parties request that the Court approve the agreement and conditionally dismiss all claims with prejudice.

## II.
## ARGUMENT & AUTHORITIES

Because Plaintiffs' claims arise under 29 U.S.C. § 216(b) of the FLSA, the Court may scrutinize the settlement for fairness before approving it. *Lynn's Food Stores, Inc. v. U. S., U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982); *see also Quintanilla v. A & R Demolition Inc.*, CIV.A. H-04-1965, 2008 WL 9410399, at *2 (S.D. Tex. May 7, 2008). If a settlement in an employee FLSA suit reflects "a reasonable compromise over issues," the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Lynn's Food Stores, Inc.*, 679 F.2d. at 1354. "In determining whether to approve a proposed settlement, the cardinal rule is that the District Court must find that the settlement is fair, adequate and reasonable and is not the product of collusion between the parties." *Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977); *see also Quintanilla*, 2008 WL 9410399, at *2.

In this case, the Parties agree that the settlement is "fair, adequate, and reasonable," represents a "reasonable compromise over the issues," and is "not the product of collusion." *Cotton*, 559 F.2d at 1330. There are genuine disputes between the Parties as to the amount of unpaid wages, liquidated damages, and attorney's fees, if any, owed to Plaintiffs. Plaintiffs principally allege that they were not paid the full overtime rate for all hours worked in excess of forty each workweek. (Doc. 45.) Defendants generally deny that they violated the FLSA. (Doc.

2

51.) Since the filing of this lawsuit in February 2018, the Parties have exchanged information and documents necessary to evaluate Plaintiffs' claims and Defendants' defenses. During a settlement conference, and with the assistance of Magistrate Judge Andrew Edison as mediator, the Parties reached a settlement of their dispute.[1] The terms of the settlement have been approved by the named Plaintiff, class counsel, Defendants, and Defendants' counsel.

In arriving at the proposed settlement, the Parties considered (i) liability disputes, including the amount of unpaid wages, liquidated damages, and attorney's fees and costs, if any; (ii) whether Plaintiffs are entitled to liquidated damages; (iii) whether Defendants acted willfully and the appropriate statute of limitations; and (iv) the likelihood of Plaintiffs' success on their claims. The settlement was negotiated at arms' length and was achieved after more than one year of investigation, discovery, and negotiation. The terms of the settlement, including the amount of alleged unpaid wages, liquidated damages, and attorney's fees and costs, are fair, reasonable, and in the best interest of the Parties. *See Cotton*, 559 F.2d at 1330; *see also Lynn's Food Stores, Inc.*, 679 F.2d at 1354 (fact that settlement negotiated as a result of an adversarial proceeding is an indication of its fairness).

### III.
### CONCLUSION

For the foregoing reasons, the Parties respectfully request that the Court enter an order approving their settlement agreement and conditionally dismissing Plaintiffs' claims with prejudice. A proposed order is attached for the Court's consideration.

---

[1] A redacted copy of the settlement agreement is filed as Exhibit 1 to this motion. An unredacted copy of the settlement agreement is attached as Exhibit 2 and is filed under seal to protect the privacy of the parties. *See* FED. R. CIV. P. 5.2(f).

Respectfully submitted,

HORNE ROTA MOOS, LLP


By: */s/ Catherine N. Hounfodji*
      CHRISTOPHER M. LEMONS
      SBN: 24094799/FBN: 3174157
      MARVIN C. MOOS
      SBN: 14413900/FBN: 15545
      CHASTITI N. HORNE
      SBN: 24007385/FBN: 23510
      CATHERINE N. HOUNFODJI
      SBN: 24106116/FBN: 3172115
2777 Allen Parkway, Suite 1200
Houston, Texas 77019
(713) 333-4500
(713) 333-4600 - Facsimile
clemons@hrmlawyers.com
mmoos@hrmlawyers.com
chorne@hrmlawyers.com
chounfodji@hrmlawyers.com

**ATTORNEYS FOR DEFENDANTS, SUNSET NURSING HOME, INC. and GUINDAL A. SMITH**


THE CRAIGHEAD LAW FIRM, PLLC

By: */s/ Clayton Craighead*
      CLAYTON D. CRAIGHEAD
      SBN: 24065092/FBN: 958992
440 Louisiana, Suite 900
Houston, TX 77002
(832) 798-1184 – Telephone
(832) 553-7261 – Facsimile
clayton.craighead@thetxlawfirm.com

**ATTORNEY FOR PLAINTIFFS**

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing instrument was served upon counsel of record listed below via electronic service via the CM/ECF system, email, certified mail, return receipt requested and/or facsimile on April 24, 2019.

                                              /s/ *Catherine N. Hounfodji*
                                              CATHERINE N. HOUNFODJI